UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

JRL ENERGY, INC, *et al.*[1]

DEBTORS

CASE NO. 24-61173
CHAPTER 11

*(JOINT ADMINISTRATION REQUESTED)*

---

### DEBTORS' MOTION TO ESTABLISH NOTICE PROCEDURES, COMBINED MASTER SERVICE LIST, AND GRANT RELATED RELIEF

---

JRL Energy, Inc., JRL Coal, Inc., JRL Underground, Inc., and JRL Acquisition, LLC, and as debtors and debtors in possession (collectively, the "Debtors"), by counsel, hereby move the Court for entry of an Order approving the Notice Procedures set out herein pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 2002, which the Debtors state is in the best interest of the Debtors, the Estates, their creditors, and all other parties in interest.  In support hereof, the Debtors state as follows:

### JURISDICTION AND VENUE

1.      On December 17, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and filed motions requesting joint administration of their bankruptcy cases, which request is pending.  The Debtors are operating their businesses as a debtors and debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.      This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors in these chapter 11 cases are JRL Energy, Inc, and its subsidiaries JRL Coal, Inc.; JRL Underground, Inc.; and JRL Acquisition, LLC.

3.      Debtor JRL Coal, Inc. maintains its principal place of business and business assets in Harlan County, Kentucky. Debtors JRL Energy, Inc., JRL Acquisition, LLC, and JRL Underground, Inc. are affiliates of JRL Coal, Inc. and also maintain their primary assets in Kentucky. Accordingly, venue for these Chapter 11 cases is proper in this District under 28 U.S.C. § 1408 and 1409.

4.      No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5.      Debtor JRL Coal, Inc. operates both surface and underground mining on leasehold interests located in Harlan, KY, and surrounding areas in southeast Kentucky. JRL Coal, Inc., a wholly owned subsidiary of JRL Energy Inc., handles all mining activities, selling and delivering coal to customers. JRL Coal owns and controls most operating assets, including a wash plant, load-out, refuse impoundment, and permits.

6.      Debtor JRL Energy, Inc. owns and controls several subsidiaries, including JRL Coal Inc., JRL Underground, Inc., which holds certain mining equipment located in Harlan County, and JRL Acquisition, LLC, which owns companies that collectively control the mine and permit rights to the Putney property in Harlan County owned by Kingdom Natural Resources. These subsidiaries serve as holding companies, ensuring the companies have the resources and rights to conduct their integrated mining operations effectively.

7.      Through the coal leases held by JRL Energy, Inc., the Debtors have secured access to approximately 53 million recoverable tons of clean coal, including thermal and high volatile bituminous coal. JRL Coal also mines a highly specialized gasification coal used primarily in chemical production. Historically, this gasification coal was sold through a

distributor to a leading chemical manufacturer as the end user. The Debtors have temporarily ceased sales of the gasification coal.

8.      Due to recent market and economic pressures and unanticipated adverse mine conditions, JRL Coal, Inc. has temporarily idled a significant portion of its mining activities at certain mine sites. This has led to the furlough of approximately 50% of its employees. Debtors are seeking to recapitalize and procure investment to reduce debt costs, expand mine operations, and enhance operating capital to support the day-to-day mine operations.

9.      Various of the Debtors have been involved in ongoing litigation, which has depleted a substantial portion of the operating capital and interfered with business operations. This litigation includes disputes involving a primary lender through a program backed by the U.S. Department of Agriculture, an equipment finance/lease company, a mortgage lien holder on property where the company conducts underground mining activities, and arbitration proceedings involving a large disputed unsecured claim. Despite these challenges, Debtors intend to reorganize and restructure their affairs for the benefit of all creditors and other interested parties.

10.     Further information is detailed in the Declaration of Tim Lusby, CEO of the Debtors, filed herein.

## RELIEF REQUESTED

11.     The Debtors have filed matrices of over 170 entities, including creditors and other parties in interest such as contract parties, regulatory agencies and taxing authorities. Under existing notice procedures, copies of all pleadings and other notices filed in this case must be served on each of the aforementioned parties in interest. The Debtors state that service of all pleadings on each party in interest is unnecessary for this reorganization proceeding and would

be extremely burdensome and costly to the Estates because of the associated photocopying and postage expenses, as well as the amount of time required to assemble and coordinate such large mailings.

12.    The Debtors propose to establish a Combined Master Service List which would include service by electronic mail, to the extent possible and to the extent parties agree to receive notice electronically, and to limit notice to the following parties and/or their counsel:  the United States Trustee, the Debtors, all secured creditors of the Debtors, the collective twenty largest unsecured creditors of the Debtors, any party whose interests are directly affected by a specific pleading, those persons who have formally appeared and requested service in this proceeding pursuant to Fed. R. Bankr. P. 2002, the Internal Revenue Service, the Kentucky Revenue Cabinet, and any federal or state regulatory agency or commission entitled to receive notice.  The Debtors further propose, in the event that an Official Committee of Creditors is appointed for the Debtors, that the Committee's members and counsel be substituted on the Combined Master Service List for the twenty largest unsecured creditors of the Debtors. The Debtors have prepared an initial Combined Master Service List, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

13.    The Combined Master Service List will be updated by the Debtors on a regular basis, as necessary, with a copy of each updated Combined Master Service List being filed with the Court and served on all parties appearing on said list.

14.    Notice will be limited to the Combined Master Service List in all matters covered by Fed. R. Bankr. P. 2002 with the following exceptions:

A.    Notice of the first meeting of creditors pursuant to 11 U.S.C. § 341;

B.    The time fixed for filing proofs of claim pursuant to Fed. R. Bankr. P. 3003;

        C.      Notice of any plan of reorganization and transmittal of ballots for accepting or rejecting such plan; and

        D.      The time fixed for filing objections and the hearing to consider confirmation of a plan.

The aforementioned notices (collectively, "the Designated Notice Deadlines") would be provided to all parties in interest in accordance with Fed. R. Bankr. P. 2002 at their last known address as provided by the Debtors unless otherwise ordered by the Court.

15.     The Debtors believe that the aforementioned modified notice procedures: (i) will reduce administrative costs, (ii) are in the best interest of the Debtors, their Estate, and their creditors and (iii) does not prejudice the rights of any party in interest in this case, and any modifications of same may be addressed as the case progresses.

## BASIS FOR RELIEF

16.     The Debtors respectfully submit that this relief is appropriate under the Bankruptcy Code and Bankruptcy Rules.  Pursuant to 11 U.S.C. § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out provisions" of the Bankruptcy Code.  Pursuant to Fed. R. Bankr. P. 2002(m), "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

17.     The establishment of minimum noticing requirements will promote the Debtors' reorganization efforts by preserving assets that otherwise would be wasted by unnecessary copying, postage, and related expenses. Moreover, the Debtors will still serve parties whose interests are directly affected by any request for relief, rendering the Combined Master Service List a starting point, not an ending point. The establishment of a Combined Master Service List is standard in this jurisdiction.

18.     Such relief will benefit the Debtors' Estates and their creditors by conserving resources and will not prejudice the rights of any party in interest in the case.

WHEREFORE, the Debtors respectfully request the Court enter the Order attached hereto establishing the notice procedures and approving the initial Combined Master Service List as filed herein.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Heather M. Thacker
Laura Day DelCotto, Esq.
Heather M. Thacker, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
ldelcotto@dlgfirm.com
hthacker@dlgfirm.com
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)