IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JRL Energy, Inc., et al.[1] | ) Case No. 24-61173-grs |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**LIMITED OBJECTION OF ROCKWOOD CASUALTY INSURANCE COMPANY TO DEBTORS' EMERGENCY MOTION AUTHORIZING DEBTORS TO SELL CERTAIN ADDITIONAL ACCOUNTS RECEIVABLES FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Creditor Rockwood Casualty Insurance Company objects to debtor's motion to sell its accounts receivable, on the grounds that Debtors do not identify what expenses will be paid with the funds. Rockwood has made a record that it is an administrative claimant because it continues postpetition to provide workers compensation and black lung insurance coverage for debtors (Docket 229 & 259, Rockwood Mtn. & Reply, Davidson declarations & supporting documents).

Rockwood's concern is heighted by the fact that:

1. Debtors represented in their budget filed a week ago that it would pay $95,000 to Rockwood earlier this month, but <u>no payment was made</u> (Docket 256 at 7, Week 14, second unbolded line for workers comp; *see also id.* at 8, Week 19 for $100,000 payment week of April 25, 2025); Exhibit 1, Declaration of John Miller, Rockwood's Director of Underwriting (no payments on due date of March 15, 2025, or later).

2. The case almost certainly is administratively insolvent. As a result, equal priority administrative expenses are paid *pro rata*, leaving unsecured creditors without

---

[1] The Debtors in these chapter 11 cases are JRL Energy, Inc, and its subsidiaries JRL Coal, Inc.; JRL Underground, Inc.; and JRL Acquisition, LLC.

1

payment. 11 U.S.C. §§ 503, 507, 726(b); *see, e.g., Specker Motor Sales Co. v. Eisen*, 393 F.3d 659 (6th Cir. 2004). It is impossible to tell from Debtors' filings which administrative expenses it is paying. Rockwood prefers debtor pay its administrative expenses contemporaneously during the bankruptcy case. It has the financial capacity to and will comply with any subsequent court orders regarding expenses and claims.

Counsel for Rockwood and Debtors spoke today. Ms. DelCotto believes proceeds from this sale may include the payment budgeted this month for Rockwood. If so, good. Rockwood still files this brief to make its record that the payment is not in full over the contractual obligations, on the sale, and on the payment of expenses.

Rockwood has focused on the substantive of the matter, given the status of Debtors' cases. The procedural posture, however, should at least be clarified for the record. Debtors filed a proposed order on the docket, entitled an Agreed Order for approval of the sale of the accounts receivable (Docket 278). There is no corresponding motion. Mr. DelCotto advises that the court asked for the matter to be set for a hearing and potential objections. Debtors then filed their emergency motion (Docket 279) to hear the Agreed Order, in effect, treating it as a motion.

The motion filed makes two statements that call for closer examination. First, Debtors state that the first motion to sell accounts receivable was granted without formal or informal objection (Docket 279 at 1, ¶1). This is incorrect. Ms. Malhouitre, one of Rockwood's counsel, objected at the hearing due to the incorrect budgeting of Debtors' proposed postpetition payments to Rockwood on the insurance contract. She further reserved rights to object to the budget, file an administrative expense, and assert additional amounts owed. This case has moved swiftly, if unevenly. Rockwood at the least wants to preserve the record in this case.

The motion also states the there are no formal or information objections to the Agreed Order (Docket 279 at 3, ¶6).  This was true when the motion was filed at 1:09 p.m., March 27, 2025, but that was less than 20 hours after Debtors filed the Agreed Order at 5:42 p.m., March 26, 2025 (Docket 278).

Dated:  March 19, 2025                                             Respectfully submitted,


*/s/Louis M. Bubala III*
Louis M. Bubala III (Nev. Bar No. 8974)         Mary Elisabeth Naumann (KY Bar # 88328)
*Admitted Pro Hac Vice*                                      Chacey R. Malhouitre (KY Bar # 91019)
50 W. Liberty Street, Suite 1100                       JACKSON KELLY PLLC
Reno, Nevada 89501                                         100 W. Main Street, Ste. 700
Telephone: (775) 852-3900                              Lexington, KY 40507
Facsimile: (775) 327-2011                                Telephone: (859) 255-9500
E-Mail: lbubala@kcnvlaw.com                        Facsimile: (859) 252-0688
                                                                            E-mail:  mnaumann@jacksonkelly.com
*Counsel for Rockwood Casualty*                             chacey.malhouitre@jacksonkelly.com
*Insurance Company*

3

## **CERTIFICATE OF SERVICE**

    I certify that March 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case.

*/s/Louis M. Bubala III*
Louis M. Bubala III