IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| In re:<br><br>JRL Energy, Inc., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-61173-grs<br>(Jointly Administered) |

**MOTION OF ROCKWOOD CASUALTY INSURANCE COMPANY
FOR RELIEF FROM THE STAY TO TERMINATE INSURANCE POLICY**

Rockwood Casualty Insurance Company ("Rockwood") respectfully moves the Court for relief from the automatic stay pursuant to §§ 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and Local Rules 4001-1 and 9013-1, to the extent necessary, to enforce the terms of the insurance policy between JRL Energy and Rockwood. Rockwood seeks to cancel the insurance policy for the Debtors' failure to make required postpetition payments.[2] To date, Rockwood has provided and continues to provide coverage under the Rockwood Policy (as defined below) to the Debtors with no cessation.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. The statutory bases for the relief requested in this Motion are sections 105 and 362 of the Bankruptcy Code, as well as Bankruptcy Rule 4001.

---

[1] The Debtors in these chapter 11 cases are JRL Energy, Inc, and its subsidiaries JRL Coal, Inc.; JRL Underground, Inc.; and JRL Acquisition, LLC.

[2] Rockwood also filed an application for determination that the amounts owed it are administrative claims (Docket No. 229). That motion will be noticed for an evidentiary hearing as necessary based on the outcome of Debtors' pending sale.

4935-9845-6362            1

3. Rockwood confirms its consent pursuant to Rule 7008 to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of all parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

4. On December 17, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which Chapter 11 Cases are jointly administered and pending before this Court.

5. The Debtors are continuing to operate and maintain their business as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. Rockwood provides workers' compensation insurance, including federal coverage under the Black Lung Benefits Act, to Debtor JRL Energy. Rockwood began providing workers' compensation insurance for JRL Energy on an annual basis on December 17, 2019, and the policy has been renewed on an annual basis, with the latest renewal agreed to on August 8, 2024. (*See* Policy documents attached as *Exhibit 1*, collectively, the "Rockwood Policy"; *see also* Declaration of Ron Davidson, senior vice president and chief underwriting officer for Rockwood, at ¶ 3, attached as *Exhibit 2*.)

7. Under the Rockwood Policy, Debtors are obligated to make a payment each month for (1) the premium, a variable amount based on a formula run in conjunction with monthly payroll (Rockwood Policy § III.2), **and** (2) the Deductible Loss Fund ("Loss Fund"), an contractually fixed amount of $370,917 for the 2024-25 insurance agreement, into an escrow account administered by Rockwood to cover Debtors' obligation for the deductible owed for allowed claims from employees (Rockwood Policy § V.2(a), as amended). (*See* Davidson Dec. at ¶¶ 4-9.)

8.  The payments are due on the 15th of each month, with the premium payment being applied to the prior month's payroll formula and the Loss Fund payment due for the current month of the payment obligation. For example, the monthly required payment due February 15, 2025, was $464,508 ($93,591 in premium for January 2025 payroll and $370,917 for the Loss Fund for February 2025). For the required payment due March 15, 2025, payroll ticked down slightly with three less days in the prior month, reducing the premium and monthly payment to $460,566 ($89,609 in premium for February 2025 payroll and $370,917 for the Loss Fund for March 2025). *Id.*

9.  The Debtors received final authorization to use its cash collateral by Order of the Court entered on February 21, 2025 (Docket No. 212) ("Cash Collateral Order"). As stated in the Debtors' motion to approve such final use of cash collateral, the purpose of the funds was to pay "all operating expenses." (Docket No. 138.)

10. At the hearing on the cash collateral motion, counsel for Rockwood notified the Debtors and the Court that the Debtors were not current on postpetition payments and that the Debtors' budget did not include funds sufficient to make the required payment to Rockwood. (*See* Budget at Docket No. 138-2.)

11. The Debtors have made three post-petition payments to Rockwood:

    a.  $148,631 on January 15, 2025,
    b.  $111,830 on February 26, 2025, and
    c.  $93,591 on March 28, 2025.

(Davidson Dec. at ¶ 10.)

12. None of the payments was sufficient for the amount owed. Rockwood has applied the payments as set forth in the table below. (*See* Davidson Dec. at ¶ 11.)

4935-9845-6362                                         3

| Payroll Report Month | Payment Due Date | Amount of Premium Due | Amount of Loss Fund Due | Total Payment Due | Payment Received | Date Payment Received | Remaining Balance Due |
|---|---|---|---|---|---|---|---|
| 12/17-12/31* | 1/15/25 | $54,126 | $370,917 | $425,043 | $148,631 | 1/15/25 | $276,412 |
| January | 2/15/25 | $93,591 | $370,917 | $464,508 | $111,830 | 2/26/25 | $352,678 |
| February | 3/15/25 | $89,609 | $370,917 | $460,556 | $93,591 | 3/28/25 | $366,935 |
| | | | | | | | $996,025 |

*Rockwood applied this payment solely to the post-petition prorated premium amounts accrued after the Dec. 17, 2024 Petition Date and the postpetition Loss Fund payment due on Jan. 15, 2025.

13. Debtors are not in compliance with the payment terms of the Rockwood Policy. (*See* Davidson Dec. at ¶ 12.)

14. Going forward, Debtors also have accrued premium for its March 2025 payroll due April 15, 2025. The April 2025 Loss Funding of $370,917 accrues on April 1, 2025, and is due April 15, 2025. Debtors also will incur payroll and owe premium for its ongoing operation in April 2025, due May 15, 2025. The accounts receivable for these will easily exceed $500,000. (*Id.*)

15. The Debtors are attempting to sell their assets, but in the event such a sale does not close or the sale is continued, Rockwood files this motion so as to be able to terminate the Rockwood Policy and avoid the accumulation of more liability to Rockwood without the required agreed-upon compensation from the Debtors. Debtors still will have time to complete the sale after the entry of an order granting relief, because Rockwood provides 35-days prior notice for cancellation pursuant to the terms of the policy and applicable law. (*Id.* at ¶ 13.)

## RELIEF REQUESTED

16. To the extent relief from the automatic stay is necessary to proceed as set forth under state or federal law and the Rockwood Policy, Rockwood files this Motion requesting termination of the automatic stay to cancel the Rockwood Policy.

## **GROUNDS FOR RELIEF**

17. Pursuant to section 362(a) of the Bankruptcy Code, certain actions against a debtor and the debtor's property are stayed by the filing of the bankruptcy petition and entry of the order for relief. 11 U.S.C. § 362(a).

18. Section 362(d) of the Bankruptcy Code provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

19. Debtors continue to use the Rockwood Policy, accruing liability under the policy without paying the postpetition amounts owed. The Debtors have forecasted to the Court and the parties that they will soon be, if they are not already, administratively insolvent. This is evident from a budget that provides for inadequate amounts to pay the postpetition amounts owed to Rockwood—it does not account for the amounts actually owed under the Rockwood Policy. (*See* Notice of Filing of Updated Budget (Docket No. 256).) As noted by the Court during the hearing on March 28, 2025 and clarified by Debtors' counsel and the Debtors' representative, even this latest budget is incorrect and references income the Debtors did not receive. Accordingly, there is no budget in the record showing the Debtors' ability to pay for the Rockwood Policy.

20. Rockwood lacks adequate protection. Rockwood determined it needed $3,894,336 on December 20, 2024, based on existing claims and projections of additional expenses on those claims; there was $1,736,442 in collateral; and there was a shortfall of $2,157,894 in collateral. (*See* Davidson Dec. at ¶ 25; *see Exhibit 3*, Rockwood's Loss Analysis (respectively at Collateral

Required column with yellow highlight; Collateral Analysis/Reconciliation at 7. Net Collateral; and Collateral Analysis/Reconciliation, at Surplus/ (Deficit) as 12/20/24, with yellow highlight).)

21. When JRL filed for bankruptcy, its current allowed claims were from contemporaneous workplace injuries and retirees. The shortfall in Loss Funds for just those funds is nearly $2.2 million, roughly the same as JRL's unpaid defaulted post-petition obligations through the proposed sale closing. None of this covers any claims since the bankruptcy or future claims for diseases. Debtors' insistence that Rockwood is oversecured is plainly wrong, based on the claims development leading up to the bankruptcy petition.

22. Debtors will not and cannot provide adequate protection to Rockwood that the Debtors will timely and adequately pay their postpetition obligations under the Rockwood Policy. Rockwood should, therefore, be afforded relief from the stay, if necessary, to cancel the Rockwood Policy due to the postpetition breach of the terms of same.

23. Rockwood requests the Court waive the 14-day stay of the effectiveness of an order of relief from the automatic stay. Fed. R. Bank. P. 4001(a)(3). Because Rockwood cannot cancel the policy until 35 days after it issues a notice of cancellations, Debtors already will receive all the protections otherwise provided by Rule 4001(a)(3)—therefore warranting waiver of the discretionary 14-day stay offered by the rule. *Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC)*, 344 B.R. 114, 128 (Bankr. E.D. Cal. 2006) (waiving Rule 4001 stay).

## NOTICE

24. **ALL PARTIES PLEASE TAKE NOTICE** that the foregoing Motion shall come on for hearing before the Honorable Judge Gregory R. Schaaf, Second Floor Courtroom, United States Bankruptcy Court, 100 East Vine Street, Lexington, Kentucky 40507, at the hour of **9:00**

**a.m**. Eastern on **April 4, 2025,** in the event that the Court grants Rockwood's motion to shorten notice filed contemporaneously herewith.

## CONCLUSION

WHEREFORE, for the reasons stated above, Rockwood respectfully requests that the Court grant Rockwood relief from the automatic stay pursuant to Bankruptcy Code section 362(d) to terminate the Rockwood Policy.

Dated:  April 1, 2025          Respectfully submitted,

> */s/Mary Elisabeth Naumann*_____
> Mary Elisabeth Naumann (KY Bar # 88328)
> Chacey R. Malhouitre (KY Bar # 91019)
> JACKSON KELLY PLLC
> 100 W. Main Street, Ste. 700
> Lexington, KY 40507
> Telephone: (859) 255-9500
> Facsimile: (859) 252-0688
> E-mail:  mnaumann@jacksonkelly.com
>            chacey.malhouitre@jacksonkelly.com
>
> Louis M. Bubala III (Nev. Bar No. 8974)
> *Admitted Pro Hac Vice*
> 50 W. Liberty Street, Suite 1100
> Reno, Nevada 89501
> Telephone: (775) 852-3900
> Facsimile: (775) 327-2011
> E-Mail: lbubala@kcnvlaw.com
>
> *Counsel for Rockwood Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I certify that April 1, 2025, I electronically filed the foregoing with the Clerk of the Court (i) by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case, including the Debtor's counsel and the US Trustee, and (ii) by depositing same in the United States mail, postage prepaid, and addressed to the debtor in possession and those parties on the list filed pursuant to Rule 1007(d) and not on the ECF service list as indicated on the attached service list.

> */s/Mary Elisabeth Naumann*_
> Mary Elisabeth Naumann (KY Bar # 88327)
> *Counsel for Rockwood Casualty Insurance Company*

**Parties Served via CM/ECF:**

Amelia Martin Adams on behalf of Creditor Caterpillar Financial Services Corporation
amelia.adams@skofirm.com

Susan M. Argo on behalf of Creditor Volvo Financial Services
sargo@brickergraydon.com, rhayes@graydon.com

Scott A Bachert on behalf of Creditor Libertas Funding LLC
sBachert@kerricklaw.com, mwyatt@kerricklaw.com

Adam Mastin Back on behalf of Creditor Kentucky Utilities Company
adam.back@skofirm.com, BackBR@skofirm.com

Kerri N. Bruckner on behalf of Creditor Volvo Financial Services
kbruckner@brickergraydon.com

Louis M Bubala, III on behalf of Creditor Rockwood Casualty Insurance Company
lbubala@kcnvlaw.com, cdroessler@kcnlvaw.com,kmilks@kcnvlaw.com

Stanton L Cave on behalf of Creditor Kentucky River Properties LLC
stan.cave@stancavelaw.com

Stanton L Cave on behalf of Interested Party Kentucky River Properties LLC
stan.cave@stancavelaw.com

Jeffrey Cianciulli on behalf of Creditor Libertas Funding LLC
jcianciulli@weirlawllp.com

John L. Daugherty on behalf of U.S. Trustee U.S. Trustee
john.daugherty@usdoj.gov

Laura Day DelCotto on behalf of Debtor JRL Acquisition, LLC
ldelcotto@dlgfirm.com,
dlgecf@dlgfirm.com;dlgecfs@gmail.com;delcottolr64283@notify.bestcase.com

Laura Day DelCotto on behalf of Debtor JRL Coal, Inc.
ldelcotto@dlgfirm.com,
dlgecf@dlgfirm.com;dlgecfs@gmail.com;delcottolr64283@notify.bestcase.com

Laura Day DelCotto on behalf of Debtor JRL Energy, Inc.
ldelcotto@dlgfirm.com,
dlgecf@dlgfirm.com;dlgecfs@gmail.com;delcottolr64283@notify.bestcase.com

Laura Day DelCotto on behalf of Debtor JRL Underground, Inc.
ldelcotto@dlgfirm.com,
dlgecf@dlgfirm.com;dlgecfs@gmail.com;delcottolr64283@notify.bestcase.com

John Zachary Garvey on behalf of Other Kentucky Energy and Environment Cabinet
john.garvey@ky.gov

Lea Pauley Goff on behalf of Creditor Kentucky Utilities Company
lea.goff@skofirm.com, sierra.wibel@skofirm.com

Hope Hickey on behalf of Creditor Libertas Funding LLC
hhickey@kerricklaw.com, mwyatt@kerricklaw.com

Jeffrey K. Hill on behalf of Creditor Asher Land and Mineral LLLP
jeff@hill.legal, megan@hill.legal;atroutman@hill.legal

Daniel Hitchcock on behalf of Creditor David Grubb
dhitchcock@wyattfirm.com, dhitchcock@wyattfirm.com

Daniel Hitchcock on behalf of Creditor David Riddle
dhitchcock@wyattfirm.com, dhitchcock@wyattfirm.com

Daniel Hitchcock on behalf of Creditor Laura "Lodie" Moore Grubb
dhitchcock@wyattfirm.com, dhitchcock@wyattfirm.com

Daniel Hitchcock on behalf of Creditor Olga Nelson Svendson
dhitchcock@wyattfirm.com, dhitchcock@wyattfirm.com

Daniel Hitchcock on behalf of Creditor Rebecca Riddle
dhitchcock@wyattfirm.com, dhitchcock@wyattfirm.com

R. Aaron Hostettler on behalf of Creditor MAYO ENERGY, INC.
ahostettler@hmrkylaw.com

Lance Huffman on behalf of Other Kentucky Energy and Environment Cabinet
lance.huffman@ky.gov

Brian M. Johnson on behalf of Creditor W.C. Hydraulics LLC
bjohnson@dickinsonwright.com, acoates@dickinsonwright.com

Clyde Bishop Johnson, Jr. on behalf of Creditor Combs Equipment Group, LLC
cbishopjohnson@bellsouth.net

Chacey R. Malhouitre on behalf of Creditor Rockwood Casualty Insurance Company
Chacey.malhouitre@jacksonkelly.com,
crford@ecf.courtdrive.com;mallory.pridemore@jacksonkelly.com

Cindy McCarty on behalf of Creditor Appalachian Wireless
cmccarty@ekn.com

Mason L. Miller on behalf of Interested Party Straight Creek Acquisition, LLC
mmiller@merlegal.com, rskinner@merlegal.com

Greg E. Mitchell on behalf of Creditor HBKY, LLC
greg.mitchell@globalreg-law.com, snanney@fbtlaw.com

Mary Elisabeth Naumann on behalf of Creditor Rockwood Casualty Insurance Company
kybankruptcy@jacksonkelly.com,
mnaumann@ecf.courtdrive.com;ble@jacksonkelly.com;ble@ecf.courtdrive.com;ellen.roddy@jacksonkelly.com

Bradley M. Nerderman on behalf of U.S. Trustee U.S. Trustee
Bradley.Nerderman@usdoj.gov

Emily Pagorski on behalf of Creditor Kentucky Utilities Company
emily.pagorski@skofirm.com, sierra.wibel@skofirm.com

Richard J. Parks on behalf of Creditor Joy Global Underground Mining LLC
rjp@pietragallo.com, kas2@pietragallo.com;ms@pietragallo.com;lljobe@pietragallo.com

Gregory D. Pavey on behalf of Creditor Caterpillar Financial Services Corporation
PaveyBR@skofirm.com

Ross Plourde on behalf of Creditor Greater Nevada Credit Union
ross.plourde@mcafeetaft.com, annette.strother@mcafeetaft.com

Ross Plourde on behalf of Creditor TCI-Bluegrass Lender, LLC
ross.plourde@mcafeetaft.com, annette.strother@mcafeetaft.com

Ross Plourde on behalf of Creditor TCI-DIP Lender, LLC
ross.plourde@mcafeetaft.com, annette.strother@mcafeetaft.com

Timothy Ruppel on behalf of U.S. Trustee U.S. Trustee
tim.ruppel@usdoj.gov

Daniel D. Sparks on behalf of Creditor Nelson Brothers, LLC
ddsparks@csattorneys.com, cfellis@csattorneys.com

Drayer B. Spurlock on behalf of Interested Party Napier & Associates, PSC
dspurlock@napierlawoffice.com

Andrew D Stosberg on behalf of Creditor CapTech Financial
astosberg@grayice.com, jkelly@grayice.com

Heather M Thacker on behalf of Debtor JRL Acquisition, LLC
hthacker@dlgfirm.com, thackerhr64283@notify.bestcase.com;receptionist@dlgfirm.com

Heather M Thacker on behalf of Debtor JRL Coal, Inc.
hthacker@dlgfirm.com, thackerhr64283@notify.bestcase.com;receptionist@dlgfirm.com

Heather M Thacker on behalf of Debtor JRL Energy, Inc.
hthacker@dlgfirm.com, thackerhr64283@notify.bestcase.com;receptionist@dlgfirm.com

Heather M Thacker on behalf of Debtor JRL Underground, Inc.
hthacker@dlgfirm.com, thackerhr64283@notify.bestcase.com;receptionist@dlgfirm.com

Chrisandrea L. Turner on behalf of Creditor Greater Nevada Credit Union
clturner@stites.com, docketclerk@stites.com

U.S. Trustee
ustpregion08.lx.ecf@usdoj.gov

Daniel I. Waxman on behalf of Creditor Indemnity National Insurance Company
diw@kewafinancial.com, dwaxman@wyattfirm.com

David B Wheeler on behalf of Creditor Dominion Energy South Carolina, Inc.
davidwheeler@mvalaw.com

**Parties Served Via United States Mail:**

| | | |
|---|---|---|
| JRL Energy, Inc.<br>1984 Howell Mill Road<br>PO Box 19605<br>Atlanta, GA 30325-0605 | United States Bankruptcy Court<br>Eastern District of Kentucky<br>100 E. Vine Street, Ste. 200<br>Lexington, KY 40507-1430 | AMEX TRS CO., INC.<br>c/o Beckett and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 |
| Andrew E. B. Fudold<br>8773 Quail Ridge Drive<br>Nampa, ID 83686-9329 | Asher Land and Mineral<br>PO Box 463<br>Pineville, KY 40977-0463 | Asher Land and Mineral LLLP<br>c/o Jeffery K. Hill<br>PO Box 1605<br>Corbin, KY 40702-1605 |
| Douglas Nelson<br>130 Wienke Way<br>Moss Beach, CA 94038-9701 | Harlan County Attorney<br>P.O Box 1440<br>Coalgood, KY 40818 | **Georgia Department of Revenue<br>Compliance Division<br>ARCS Bankruptcy<br>1800 Century Blvd. NE, Ste. 9100<br>Atlanta, GA 30345-3206** |
| Harlan County Sheriff<br>P.O. Box 978<br>Harlan, KY 40831-0978 | **HBKY, LLC<br>Fuzion Analytics (Attn: Beth Lanigan)<br>550 Congressional Blvd., Ste.200<br>Carmel, IN 46032-5644** | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| John H. Fudold III<br>8773 Quail Ridge Drive<br>Nampa, ID 83686-9329 | JRL Factoring LLC<br>795 Mid Broadwell Road<br>Milton, GA 30004 | KY Dept. of Revenue<br>Legal Branch-Bankruptcy Section<br>P.O. Box 5222<br>Frankfort, KY 40602-5222 |
| KY Division of Unemployment Ins.<br>500 Mero Street<br>Frankfort, KY 40601.1967 | KY Division of Workers Compensation<br>500 Mero Street<br>Frankfort, KY 40601-1987 | Lynda Gousha<br>434 Galleria Drive, #2<br>San Jose, CA 95134-2440 |
| Mary Helen Coal Corporation<br>PO Box 70<br>Blackstone, VA 23824-0070 | Penn Virginia Operating Co., LLC<br>PO Box 102922<br>Atlanta, GA 30368-2292 | TCI-Bluegrass Lender LLC<br>141 NW 13th Street, Ste. 100<br>Oklahoma City, OK 73103 |
| The DP Nelson Minerals Trust<br>130 Wineke Way<br>Moss Beach, CA 94038-9701 | Heather M. Thacker<br>200 N. Upper Street<br>Lexington, KY 40507-1017 | Laura Lodie Moore Grubb<br>Wyatt, Tarrant & Combs<br>250 West Main Street, Ste. 1600<br>Lexington, KY 40507-1746 |

Georgia Department of Revenue
1800 Century Blvd. NE
Atlanta, GA 30345

JRL Acquisitions, LLC
966 State Hwy 990
Coalgood, KY 40818

JRL Coal Inc.
966 State Hwy 990
Coalgood, KY 40818

JRL Underground, Inc.
966 State Hwy 990
Coalgood, KY 40818

Jeffrey S. Cianciulli on behalf of creditor Libertas Funding LLC
1339 Chestnut Street, Ste 500
Philadelphia, PA 19107

Eric C. Horn on behalf od Interested Party
Straight Creek Acquisition, LLC
A.Y. Strauss
290 W. Mount Pleasant Ave, Ste 3260
Livingston, NJ 07039

6